UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 13**                    Index No.:   **5667**

-------------------------------------------------------x

MONDHER BEJAOUI,

                   Plaintiff,

    -against-

THE CITY OF NEW YORK, Police Officers
"JOHN and JANE DOE" 1 through 10
of the NYPD'S 60th, 62nd and 68th Precincts,
Kawsar Mansy, Sara Mansy, Mohammed Mansy
and Sabeena Madni,

                  Defendants.

**SUMMONS ISSUED**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

**GARAUFIS, J.**

**AZRACK, M.J.**

-------------------------------------------------------x

     MONDHER BEJAOUI, by his attorney, Chidi Eze, complaining of the City of New York,

and some its Police Officers from the 60th, 62nd and 68th Precincts, Kawsar Mansy,

Sara Mansy, Mohammed Mansy, and Sabeena Madni, upon information and belief, alleges as

follows:

## JURISDICTION

    1.     This is an action at law to redress the deprivation, under color of statute,

ordinance, regulation, custom or usage, by Defendants of the rights, privileges and immunities

secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution,

and by 42 U.S.C. §1983 [and §1985], and arising under the laws and statutes of the State of New

York and the City of New York.

    2.     Jurisdiction is specifically conferred on the United States District Court by

1

28 U.S.C. § 1331, this being an action arising under the Constitution and Federal law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, of rights, privileges and immunities secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983.

3.     Venue is proper because the acts complained of herein occurred in Brooklyn, City and State of New York, which is within the Eastern District of New York.

## PARTIES

4.     During all times relevant and material to this Complaint Plaintiff was, and still is, a legal residence of the United States, residing in Brooklyn, City & State of New York.

5.     During all times relevant and material to this case, Defendant City of New York was a municipal corporation incorporated under the laws of the State of New York.

6.     During all times relevant and material to this case, the individual civilian defendant are residents of the City of New York, and were the alleged complaining victims, if any.

7.     During all times relevant and material to this case, the defendant Police Officers were employees of Defendant City of New York through its Police Department, employed at the 60th, 62nd and 68th Precincts.

8.     During all times relevant and material to this case, the actions of the individual Police Officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of Defendants City of New York and New York Police Department (hereinafter NYPD), and Defendants City of New York is as such responsible for the individual Defendants'

2

actions.  Defendant City of New York is further responsible for the actions of the individual

Defendants under the principal agent/*respondeat superior* rule.

## FACTS COMMON TO ALL CAUSES OF ACTION

9.      On the evening of December 4, 2006 at approximately 5pm, Plaintiff was at the 62nd

Precinct to respond to a call he received from said precinct requesting his appearance at

said precinct. Upon appearing, plaintiff was immediately arrested, detained and charged

with: 1) Harassment in the Second Degree; and 2) Aggravated Harassment in the Second

Degree, for allegedly making phone calls to his former employee, Kawsar Mansy, asking

her to return the money she stole from him. On that occasion, plaintiff was taken to Kings

County Central Bookings located at 120 Schermerhorn in Brooklyn. The following day,

December 5, 2006, at approximately 4pm, plaintiff was brought before a Judge of Kings

County Criminal Court, who released plaintiff on his won recognizance.

10.     Plaintiff, who is an accountant by profession, ran an accounting business on Smith Street

in Brooklyn, and had, weeks earlier, fired one of his employees, Ms. Kawsar Mansy, for

allegedly stealing money from his firm. Upon being released on his own recognizance on

December 5, 2006, plaintiff was required to make several court appearance to defend

against the charge of Harassment leveled against him.

11.     On June 7, 2007 at approximately 10am, plaintiff was at Kings County Criminal Court

located at 120 Schermerhorn in Brooklyn to make an appearance for the December 4, 2006

arrest and charge, and while at the court house, plaintiff was arrested by an officer of the

60th Precinct. He was then taken to the 60th Precinct in handcuffs, and charged with two

3

counts of Aggravated Harassment in the Second Degree, for allegedly making phone call

to an individual by the name of Sara Mansy, who happens to be the sister of plaintiff's

former employee, Kawsar Mansy. It was alleged that plaintiff made a phone call to Sara

Mansy, in violation of the Order of Protection against him, requesting that Sara advised

her sister, Kawsar Mansy, to drop the charges against plaintiff. Plaintiff was processed at

said precinct, then brought back to Kings County Criminal Court where he was released

again, the same day, on his won recognizance.

12.    On July 3, 2007 at approximately 3pm, plaintiff was in his then home located at 9229 5th

Avenue, Brooklyn NY 11209, when officers from NYPD 68th Precinct knocked at his

door. Plaintiff responded to the knock and was arrested by said officers on the allegation

that he made one phone call to the cell phone of one Mohammed Mansy, the father of his

former employee, Kawsar Mansy, asking the father to tell his daughter to drop the charges

against him. Simply put, plaintiff was arrested to allegedly violating the Order of

Protection issued in Kawsar Mansy favor against him. On this occasion, plaintiff was

taken to the 68th Precinct were he was processed and charged with; 1) two counts of

Criminal Contempt in the First Degree; 2) two counts of Criminal Contempt in the Second

Degree; 3) Tampering with a Witness in the Third Degree; and 4) Harassment in the

Second Degree. Plaintiff was taken to Kings County Central Bookings were he was

remanded on a $25,000 bail. Unable to make bail, plaintiff was taken to Riker's Island.


13.    On or about July 10, 2007, plaintiff was taken from Rikers Island to Kings County

Criminal Court located at 120 Schermerhorn Street in Brooklyn, for reasons plaintiff was

4

not made aware. Without seeing a Judge, plaintiff was released from said criminal court, and the bail dropped, after spending 6 or 7 days in Rikers Island, for no just cause.

14. At this point, plaintiff's accounting business had crumbled, leaving plaintiff in severe financial crisis.

15. Upon information and belief, after the third arrest, the charges were consolidated and plaintiff was indicted with Indictment number 6297-2007. Plaintiff was indicted on the consolidated charges on August 1, 2007. Plaintiff was not given notice of any Grand Jury proceeding and was never called to testify before a Grand Jury, even though he denied the charges and expressed his willingness to defend himself and testify before a Grand Jury. From his release from the court house on June 10, 2007 to May 15, 2008, plaintiff continued to make several appearances in court, however, this time, he made his appearance in Kings County Supreme Court located at 320 Jay Street in Brooklyn.

16. On May 15, 2008, plaintiff was at Kings County Supreme Court located at 320 Jay Street, Brooklyn NY 11201 to make an appearance for his indictment charges as set forth above. Upon appearing before a Judge that day, plaintiff was remanded again, with the allegation that he made yet another phone call to Kawsar Mansy, threatening her to drop the charges against him. This time, plaintiff was remanded on a $50,000 bail, and because his business had crumbled due to these arrests and charges, plaintiff was unable to make bail.

5

17.   Plaintiff remained in Riker's Island until October 12, 2010. On that day, plaintiff appeared

in court for a continuation of his case, however, upon the people's motion, all charges

against him were dismissed. During these times, claimant made numerous court

appearances and refused to take a plea while requesting trial on all charges. And on each

and every appearance, the prosecution announced that they were not ready, citing excuses

like "the complaining witness is getting married", "the complaining witness is sick". These

excuses continued until October 12, 2010 when the government moved to drop all charges

against plaintiff, after plaintiff had spent two and half years in jail.

18.   That while detention, plaintiff developed a type of nerve problem, that was not treated due

to negligence, which ultimately resulted in the loss of the use of both legs, thus, causing

him to be confined to a wheelchair.

19.   Upon information and belief, the defendants also were in violation of plaintiff's 6th

Amendment right to speedy trial.

20.   Although plaintiff's charges, as set forth hereinabove, were dismissed on October 12,

2010, plaintiff remained in detention, in an unrelated matter until September 19, 2013.

21.   On July 29, 2010, while in Rikers Island, plaintiff was picked up by the FBI and taken to

Manhattan Detention Center (MCC) on an alleged mail fraud offense, based on the

allegation that plaintiff registered and insured the vehicles used to operate his Taxi

business in Nassau County, when in fact the Taxi's were operated and garaged in New

York City. Plaintiff remained in MCC until September 19, 2013, when he was released for time served. Plaintiff is not seeking to recover from this arrest and detention.

22. Thus, although plaintiff was in Federal Detention (MCC) from July 29, 2010 to September 19, 2013, he continued to make appearances for his harassment charges from MCC to Kings County Supreme Court on 320 Jay Street, from July 29, 2010 until said charges were dismissed on October 12, 2010. From July 29, 2010 to October 12, 2010, plaintiff made Seven (7) appearances for these charges at Kings County Supreme Court on 320 Jay Street.

23. Further, that from December 2010 to September of 2012, while detained at MCC, plaintiff was ruled to be mentally incapable and incompetent to stand trial for the Federal charges. That this information goes to toll plaintiff time to file the within action, as well as the fact that he was ultimately released from incarceration on September 19, 2013.

24. In light of the foregoing, Claimant has been damaged by the actions of the City of New York and its agents, was falsely arrest, falsely imprisoned and maliciously prosecuted for nearly Four (4) years, from December 2006 to October 2010. Further due to these arrests, imprisonments and prosecution, claimant became physically and mentally damaged for no just cause, lost respect and dignity before family and friends, and therefore seeks compensation as a result

25. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer serious physical and emotional injuries, including but not limited to, loss of the use

of both legs, emotional distress, nightmares, panic attacks, mental anguish, unwarranted severe anger bouts, permanent scarring and severe physical pains in various parts of his body.

26.   The illegal and unlawful arrests and imprisonment of plaintiff, particularly in light of the fact that the defendants had full knowledge of, or should have had full knowledge that plaintiff did not commit any crimes charged, were intentional, malicious, reckless and in bad faith.

27.   As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

28.   The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. The conduct of the defendant officers complained of herein were beyond the scope of their jurisdiction, without legal authority, and in abuse of their authority. Accordingly, plaintiff has been damaged by the actions of the City of New York and its agents and therefore, seeks compensation as a result.

29.   Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendant-officers in this case, and knowingly concealed violations of the constitutional rights of citizens by other police officers, thereby causing and encouraging police officers including the defendant officer, to engage in these unlawful conducts.

## AND AS FOR A FIRST CAUSE OF ACTION

30.    Plaintiff repeats and re-alleges paragraphs 1 through 29 as if each paragraph is
repeated verbatim herein.

31.    The defendants arrested and imprisoned Plaintiff without probable cause, without a
warrant and with malice and intentional disregard for his constitutional rights. The
Defendants, acting under color of State Law, violated Plaintiff's right to be free from
unreasonable seizures, secured to him under the Fourth and Fourteenth Amendments to the
Constitution, and his right not to be deprived of liberty without due process of law,
secured under the Fifth and Fourteenth Amendments. By denying Plaintiff's
Constitutional rights under color of State Law, the Defendants violated 42 U.S.C. §1983.
In addition, the defendant officers conspire to deny plaintiff his Constitutional rights
secured to him by 42 U.S.C. §1983 [1985], and took several overt steps in furtherance of
the conspiracy as set forth above.

32.    As a result of the seizure of his person, Plaintiff was denied his freedom and liberty and
suffered emotional and mental distress thereof. Plaintiff claims compensatory
damages in the amount of $6,000,000. In addition, because the individual defendant
police officers acted with malice and intentional disregard for his Constitutional rights
when they arrested and imprisoned him, Plaintiff seeks $6,000,000 in punitive damages.

## AND AS FOR A SECOND CAUSE OF ACTION

33.    Plaintiff repeats and re-alleges paragraphs 1 through 32 as if each paragraph is
repeated verbatim herein.

34.   In violation of Article 1 Section 12 of the New York State Constitution, and New York

State Common Law, the defendant police officers falsely arrested and imprisoned Plaintiff

for approximately two and half year without probable cause, deprived him of his rights,

remedies, privileges, and immunities guaranteed by said law. In addition, the defendant

officers conspire to deny plaintiff his Constitutional rights secured to her by Article 1

Section 12 of the New York State Constitution, and took several overt steps in furtherance

of the conspiracy as set forth above.

35.   Plaintiff was denied his freedom and liberty, and therefore suffered emotional and mental

distress as a result. Plaintiff seeks compensatory damages in the amount of $6,000,000 for

the violation of his rights under State and Common Laws and for emotional and mental

distress.  In addition, because the defendant police officers acted with malice and

intentional disregard for his Constitutional rights when they arrested and imprisoned him,

Plaintiff seeks $6,000,000 in punitive damages.


**AND AS FOR A THIRD CAUSE OF ACTION**

36.   Plaintiff repeats and re-alleges paragraphs 1 through 35 as if each paragraph is

repeated verbatim herein.

37.   Defendants maliciously prosecuted plaintiff without probable cause to believe that he

committed the charged offenses, in violation of 42 U.S.C. §1983 [1985].

38.   As a result of said actions, Plaintiff seeks compensatory damages in the amount of

$6,000,000 jointly and severally.  In addition, because these defendants acted with malice

and intentional disregard for his Constitutional rights, Plaintiff seeks $6,000,000 in

punitive damages, jointly and severally.

## AND AS FOR A FOURTH CAUSE OF ACTION

39. Plaintiff repeats and re-alleges paragraphs 1 through 38 as if each paragraph is repeated verbatim herein.

40. The defendants violated plaintiff's 6th Amendment right to speedy trial, when they prosecuted plaintiff for over 4 years without trial, as set forth hereinabove.

41. As a result of said speedy trial violation, Plaintiff seeks compensatory damages in the amount of $6,000,000 jointly and severally. In addition, because these defendants acted with malice and intentional disregard for his Constitutional rights, Plaintiff seeks $6,000,000 in punitive damages, jointly and severally.

## AND AS FOR A FIFTH CAUSE OF ACTION

42. Plaintiff repeats and re-alleges paragraphs 1 through 41 as if each paragraph is repeated verbatim herein.

43. In violation of Article 1 Section 12 of the New York State Constitution and Common Law, the Defendants, acting under color of State authority, maliciously prosecuted Plaintiff without probable cause and without a belief that a crime was and had been committed, without any legal justification, and with malice and intentional disregard for his rights.

44. Plaintiff seeks compensatory damages in the amount of $6,000,000 for the violation of his State and Common Law rights and privileges. In addition, because the Defendants' acted with malice and intentional disregard for plaintiff's State and Common Law rights, Plaintiff seeks $6,000,000 in punitive damages.

## AND AS FOR A SIXTH CAUSE OF ACTION

45. Plaintiff repeats and re-alleges paragraphs 1 through 44 as if each paragraph is repeated verbatim herein.

46. The defendant police officers were acting as agents of the City of New York when they carried out the actions complained of herein. The defendant Police Officers' violations of Plaintiff's Constitutional and Federal Law rights as complained of herein were carried out under the unlawful and injurious policies, customs, and practices of the City of New York and its Police Department Therefore, the City of New York is jointly and severally liable with the defendant police officers for the compensatory damages Plaintiff sustained herein.

47. Plaintiff claims compensatory damages in the amount of $6,000,000 for the violation of these rights, resulting in emotional and mental distress. In addition, because the Defendants acted with malice and intentional disregard for his Constitutional rights. Plaintiff seeks $6,000,000 in punitive damages against the individual officers jointly and severally.

## AND AS FOR A SEVENTH CAUSE OF ACTION

48. Plaintiff repeats and re-alleges paragraphs 1 through 47 as if each paragraph is repeated verbatim herein.

49. Due to the negligent actions of the defendants. and others acting as their agents. plaintiff lost the use of both his legs, in violation of plaintiff's Federal, State and Common law rights to be of medical neglect, his rights to be free of cruel and Inhuman treatment, his rights to be free of the negligence of the defendants, his rights to be free of illegal searches

12

and seizure.

50.     That as a result of said negligence that resulted in plaintiff's loss of the use of both legs,

plaintiff seeks compensatory damages in the amount of $10,000,000, jointly and severally,

and also seeks punitive damages in the amount of $8,000,000, jointly and severally.


**WHEREFORE,** Plaintiff prays the Court for judgment as follows for each Cause of

Action:

    i.     $10,000,000 in compensatory damages against all the defendants, jointly and

           severally;

    ii.    $8,000,000 in punitive damages against the individual defendant police officers

           and non-police officers, jointly and severally;

    iii.   attorney's fees, plus the costs and disbursements of these actions against all

           Defendants, jointly and severally;

    iv.   such other relief as the Court may deem just, proper and equitable.


Dated: Brooklyn, New York
       October 15, 2013

                       By: _____
                           CHIDI EZE
                           Attorney for Plaintiff
                           255 Livingston Street, 3rd Floor
                           Brooklyn, NY 11217
                           (718) 643-8800